NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KENNETH CAMERON, | : | Civil Action No. 06-0073 (FSH) |
| Petitioner, | : |  |
| v. | : | **O P I N I O N** |
| JUSTIN TAYLOR, et al., | : |  |
| Respondents. | : |  |

**APPEARANCES:**

    KENNETH CAMERON, #8950700006
    1500 Hazen Street
    East Elmhurst, New York  11370
    Petitioner Pro Se

    PAULA T. DOW, ESSEX COUNTY PROSECUTOR
    JOAN E. LOVE, ASSISTANT PROSECUTOR
    Essex County Courts Building
    Newark, New Jersey  07102
    Attorneys for Attorney General of State of New Jersey

    LISA FLEISCHMANN, ASSISTANT ATTORNEY GENERAL
    ATTORNEY GENERAL OF STATE OF NEW YORK
    120 Broadway
    New York, New York  10271
    Attorneys for Justin Taylor and Attorney General of New York

**HOCHBERG**, District Judge

    Petitioner Kenneth Cameron filed a Petition for a Writ of Habeas Corpus under 28 U.S.C.

§ 2254 seeking dismissal of an indictment filed in the Superior Court of New Jersey, Essex

County.  This Court construed the matter as a Petition for a Writ of Habeas Corpus pursuant to

28 U.S.C. § 2241 and directed Respondents Justin Taylor, the Attorney General of the State of New York, and the Attorney General of the State of New Jersey to answer.  The Essex County Prosecutor filed a motion to dismiss the Petition as unexhausted.  Petitioner filed a Reply and an Amended Reply opposing the motion to dismiss.  The New York Respondents filed a letter seeking dismissal of the Petition.  For the reasons expressed below, this Court dismisses the Petition without prejudice as unexhausted.

## I.  BACKGROUND

Petitioner is in the custody of the State of New York and serving a term of imprisonment of two-and-one-half to five years for fraud.  On May 13, 2004, a grand jury in New Jersey indicted Petitioner in the Superior Court of New Jersey, Law Division, Essex County, on two counts of acquiring and/or using stolen credit cards with unlawful or fraudulent intent, and one count of theft by deception.  See State v. Cameron, Indictment #2004-5-1965 (Super. Ct. of N.J., Law Div., filed May 13, 2004).  On June 7, 2004, Superior Court Judge Fullilove issued a bench warrant after Petitioner failed to appear for arraignment on the New Jersey indictment.

In a letter to the Essex County Prosecutor and Essex County Sheriff dated July 31, 2004, Petitioner requested that the Essex County warrant be lodged as a detainer.  In a second letter dated April 15, 2005, Petitioner again asked the Essex County Prosecutor to lodge the arrest warrant as a detainer, and to dispose of the case as soon as possible.

By letter dated June 10, 2005, an Inmate Records Coordinator for the New York Department of Corrections informed the Essex County Sheriff's Office that Petitioner was in the custody of the State of New York, and asked Essex County to lodge its warrant at the Gouverneur Correctional Facility if charges against Petitioner remained active.  By letter dated

June 24, 2005, the Essex County Sheriff's Office asked New York officials to lodge the bench warrant as a detainer, to advise the Sheriff's Office if Petitioner was willing to waive extradition, and to direct further communications to Detective Imperiale.  By letter dated July 6, 2005, Debbie Woods, Inmate Records Coordinator II at New York's Gouverneur Correctional Facility, informed Detective Imperiale that the bench warrant had been lodged as a detainer and that New York officials would notify the Essex County Sheriff's Office prior to Petitioner's release, projected as November 6, 2007.  The letter indicates that copies were provided to "District Attorney" and to Petitioner.  In addition, the following notation appears at the bottom of this letter:

> Inmate:
> If you wish a speedy trial in accordance with Section 580.20 CPL
> (Interstate Agreement on Detainers) sign the original of the
> attached form and return it to this office.

(Letter from Debbie Woods, Inmate Records Coordinator, dated July 6, 2005.)

Petitioner asserts that a document entitled, "Form I, Agreement on Detainers, Notice of Untried Indictment, Information or Complaint and of Right to Request Disposition," was attached to the copy of the July 6, 2005, letter he received from Ms. Woods.  (Form I, Agreement on Detainers, dated July 7, 2005.)   A copy of the two-sided document is attached to the Petition, as well as Petitioner's Reply.  The Notice of Untried Indictment notifies Petitioner of the following pending criminal indictment:  "State of New Jersey, Essex County Interstate Warrant, Bench Warrant No. 04-05-1965-I, Case No. 6141-04s, for the charge of Theft by Deception."  Id. The form further advises Petitioner, in relevant part:

> You are hereby further advised that by the provisions of said
> Agreement [on Detainers] you have the right to request the

> appropriate prosecuting officer of the jurisdiction in which any such indictment, information or complaint is pending and the appropriate court that a final disposition be made thereof . . . . Should you desire such a request for final disposition of any untried indictment, information or complaint, you are to notify the Inmate Records Coordinator of the institution in which you are confined . . .

Id.

The second page of the Notice of Untried Indictment was signed July 7, 2005, by Debbie Woods, Inmate Records Coordinator. Petitioner's signature appears below that of Ms. Woods:

> RECEIVED
> DATE: July 8, 2005
> INMATE: /s/ Kenneth Cameron     NO: 05R1883

Id.

Petitioner asserts that on July 8, 2005, he requested final disposition of the Essex County Indictment by returning the signed Notice to the Inmate Records Department. (Reply to Respondent's Late Answer and to Respondent's No Answer at p. 3.) Petitioner specifically avers that he "sign[ed] the attached form (Form I Agreement on Detainers) on the Back side dated July 8, 2005, and returned it to Inmate Records Coordinator Mss. Debbie Woods, as instructed." (Id.) Nevertheless, the Memorandum of Law filed by the Essex County Prosecutor's Office denies receipt of Petitioner's Request for Final Disposition.[1]  Specifically, the memorandum provides:

> [T]he records below reveal that in this unusual case, at no time did the petitioner properly file for an Interstate Agreement on Detainers (hereafter IAD) with the Essex County Prosecutor's Office and other designated authorities. Indeed, although the petitioner has provided copies of letters and affidavits of service

---

[1] No affidavit, certification or other evidence has been filed to support this contention, and the Essex County Prosecutor's Office presumably received the Request for Final Disposition on February 6, 2006, with service of the Petition, as a copy of the form is attached to the Petition.

>> purporting to have been sent to this Office and to the Sheriff's Office, (Ra10-14), there is no record of our receiving said documents or any of the appropriate completed forms that are included in the appendix, and the petitioner has not provided actual proof of receipt.

(Respondent's Mem. of Law in Support of Motion to Dismiss at p. 1.)

Petitioner further asserts that he filed a Motion to Dismiss the Indictment in the Superior Court of New Jersey, Essex County, on July 29, 2005. Copies of the motion, supporting affidavit, and affidavit of service are attached to the Petition. The Motion is date-stamped "Received July 29, 2005, Criminal Records Office," and the words "Open Bench Warrant" are handwritten across the face of the Motion.[2] The Motion seeks "an order, pursuant to the laws of the State of New Jersey's speedy trial and the Due Process Clause of the United States Constitution, dismiss[ing] the criminal case, #04-05-1965-I." (Motion to Dismiss, returnable Aug. 1, 2005.) In the supporting affidavit, Petitioner avers that he has been incarcerated in the custody of the State of New York since July 14, 2004, and he is serving a sentence of two-and-one-half to five years. (Affidavit of Kenneth Cameron dated July 14, 2005.) He asserts that he notified Essex County officials by letters dated July 31, 2004, and April 15, 2005, of his incarceration and asked them to lodge the charge as a detainer. (Id.) He contends that "dismissal is warranted irrespective of whether an indictment has been obtained or not; a failure to obtain one after this lengthy period of time certainly violates the spirit of the law, if not also the letter, and is indicative of a case that the State [is] apathetic about prosecuting." (Id.)

---

[2] The Essex County Prosecutor's Office apparently received this Motion, as a copy of Petitioner's affidavit of service dated July 14, 2005, is included in Respondent's appendix.

5

Petitioner executed the Petition before this Court on December 29, 2005.  The Clerk received it on January 6, 2006.  By Order filed January 27, 2006, this Court construed the Petition as a Petition pursuant to 28 U.S.C. § 2241, and ordered service and an answer.  The Petition presents the following grounds and supporting facts:

> Ground One:  VIOLATION OF INTERSTATE AGREEMENT ON DETAINER[S].
>
> Supporting FACTS:  PETITIONER FILED FOR AN INTERSTATE AGREEMENT ON DETAINERS JULY 6, 2005 DEBBIE WOODS, INMATE RECORDS COORDINATOR II, PLUS PETITIONER HAS INFORMED NEW JERSEY BY MOTION/LETTER THAT PETITIONER IS ON RIKERS ISLAND JULY 31, 2004, AND AGAIN ON APRIL 15, 2005 (COPIES OF ALL ATTACHE[D]).
>
> Ground Two:  VIOLATION OF INTERSTATE AGREEMENT ON DETAINERS.
>
> Supporting FACTS;  PETITIONER WAS SENTENCE[D] IN THE STATE OF NEW YORK (city) ON APRIL 14, 2005. PETITIONER HAS COMPLIED WITH ALL ART. OF THE IADA AND HAS NOT BEEN BROUGHT TO NEW JERSEY ON THE OUTSTANDING CHARGES FOR TRIAL (SEE ATTACHED RECORDS EXHIBITS).  THE ATTACHED RECORDS OF (exhibits) ALL CORRESPONDENCE ARE DATED BY THE COURT CRIMINAL RECORDS OFFICE OF NEW JERSEY NEWARK OFFICE (JULY 29, 2005).  THIS IS A VIOLATION OF THE IADA AGREEMENT.  IT IS NOW PAST 180 DAYS SINCE IADA WAS FILED.  ALL CHARGES SHOULD BE DISMISSED.  THE IADA AGREEMENT WAS SIGNED BY DEBBIE WOODS, INMATE RECORDS COORDINATOR, AND BY ME.  MS. WOODS WAS LEFT WITH THE SIGNED AGREEMENT (see copy) TO BE SENT BY MS. WOODS TO THE SAID PARTIES ON THE IADA AGREEMENT.

(Pet. ¶ 12.A. & B.)

The Essex County Prosecutor filed a motion to dismiss the Petition for failure to exhaust state court remedies, together with a Memorandum of Law and Appendix.  In the Memorandum, the Prosecutor's Office asserts, without a supporting affidavit or certification, that Petitioner did not "properly file for an Interstate Agreement on Detainers (hereafter IAD) with the Essex County Prosecutor's Office and other designated authorities.  Indeed, although the petitioner has provided copies of letters and affidavits of service purporting to have been sent to this Office and to the Sheriff's Office, (Ra10-14), there is no record of our receiving said documents or any of the appropriate completed forms that are included in the appendix, and the petitioner has not provided actual proof of receipt." (Respondent's Mem. of Law at p. 1.)

Petitioner filed a Reply and Amended Reply in response to New Jersey's motion to dismiss.  Specifically, he asserts that he completed the form Request for Final Disposition and returned it to New York officials on July 8, 2005, and he followed up by filing a speedy trial motion and serving it on the Essex County Prosecutor and Essex County Superior Court on July 29, 2005.  Petitioner argues that, if New York authorities failed to serve his Request for Final Disposition by certified or registered mail upon the Essex County Prosecutor (as required by the IADA), Petitioner should not be responsible for such failure because Petitioner did everything he could possibly do to obtain disposition of the New Jersey charges by the Law Division of the Superior Court of New Jersey.  The New York Respondents filed a letter, arguing that the Petition should be dismissed because Petitioner failed to exhaust remedies available in the courts of New York or New Jersey, Petitioner failed to comply with the notice rules, and the alleged failure of New York officials to act under the IADA does not present a constitutional challenge to the New York conviction.

7

## II.  DISCUSSION

A.  Exhaustion

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
>
> . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless–
> . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements:  the status requirement that the petitioner be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

A district court has subject matter jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pretrial petition for habeas corpus brought by a person challenging a detainer and untried state indictment under Article IV(c) of the IADA.  See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Mokone v. Fenton, 710 F.2d 998, 999 (3d Cir. 1983); Moore v. DeYoung, 515 F.2d 437, 442, 443 (3d Cir. 1975); Triano v. Superior Court of New Jersey, Law Div., 393 F. Supp. 1061, 1065 (D.N.J. 1975), aff'd 523 F.2d 1052 (3d Cir. 1975) (table). Moreover, as the Interstate Agreement on Detainers Act ("IADA") is a congressionally

sanctioned interstate compact within Art. I, § 10, of the United States Constitution, the Petition presents a federal claim within the meaning of 28 U.S.C. § 2241.[3]  See Carchman v. Nash, 473 U.S. 716, 719 (1985); Cuyler v. Adams, 449 U.S. 433, 438-42 (1981); Casper v. Ryan, 822 F.2d 1283, 1288 (3d Cir. 1987), cert. denied, 484 U.S. 1012 (1988).

The purpose of the IADA is "to encourage the expeditious and orderly disposition of [outstanding criminal] charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints." 18 U.S.C. app. 2, Art. I.  To achieve that end, Article III(a) requires that a defendant must be tried on outstanding criminal charges within 180 days after authorities in that state receive his request for final disposition. Specifically, Article III provides:

> (a) Whenever . . . there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint: *Provided*, That, for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the State parole agency relating to the prisoner.

---

[3] The IADA has been adopted by the States of New Jersey, see N.J. STAT. ANN. § 2A:159A-1 et seq.; Carchman, 473 U.S. at 719, and New York, see N.Y. C.P.L.R § 580.20.

> (b) The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of corrections, or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.
>
> (c) The warden, commissioner of corrections, or other official having custody of the prisoner shall promptly inform him of the source and contents of any detainer lodged against him and shall also inform him of his right to make a request for final disposition of the indictment, information, or complaint on which the detainer is based.

18 U.S.C.A. App. 2 § 2 Art. III(a), (b), (c).

Article IV(c) of the IADA requires dismissal of the charges in the event that an action is not brought to trial within 180 days of the prosecutor and court's receipt of the request for final disposition. See 18 U.S.C.A. App. 2 § 2 Art. IV(c); Fex v. Michigan, 507 U.S. 43, 51 (1993) (prosecuting State's receipt of the request for final disposition starts the 180-day period); United States v. Dent, 149 F.3d 180, 187 (3d Cir. 1998) (inmate's IADA request must "contain sufficient information to alert the government that Article III has been invoked"). Specifically, Article IV(c) provides:

> (c) . . . [I]n the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in article III . . . , the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

18 U.S.C.A. App. 2 § 2 Art. IV(c).

Section 2241 petitioners are not statutorily required to exhaust state court remedies, but "an exhaustion requirement has developed through decisional law, applying principles of

federalism." Moore, 515 F.2d at 442. In this case, Petitioner asserts that he requested final disposition under the IADA and filed a motion to dismiss the indictment in the Law Division, but it is clear that Petitioner did not present his IADA claim to the Appellate Division of the Superior Court of New Jersey or the New Jersey Supreme Court. Accordingly, habeas relief is premature and the Petition must be dismissed because Petitioner failed to exhaust his IADA claim before all three levels of the New Jersey courts. Compare Mokone, 710 F.2d at 1003 ("We therefore hold that when a challenge is made to an out-of-state conviction on the basis of an alleged violation of the speedy trial provision of the IAD, the habeas corpus petitioner must, prior to the invocation of federal judicial relief, exhaust the remedies available in the courts of the state that issued the contested judgment of conviction"); Grant v. Hogan, 505 F.2d 1220, 1223-24 & n. 11 (3d Cir. 1974) (holding that, despite the absence of an explicit exhaustion requirement in § 2241, prisoner must either present his speedy trial claim to the indicting state's highest court or request final disposition of Connecticut charges under Article III of the IADA before pursuing relief under § 2241) with United States ex rel. Esola v. Groomes, 520 F.2d 830 (3d Cir. 1975) (where federal prisoner had presented his IADA claims to all levels of the New Jersey courts on direct appeal from conviction, claim was cognizable under § 2254).[4]

---

[4] Moreover, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden, 410 U.S. at 489 (quoting Ex parte Royall, 117 U.S. 241, 253 (1886)). Federal courts have dismissed pretrial IADA habeas challenges to a detainer on the ground that "Petitioner merely seeks to litigate a federal defense to a criminal charge prematurely in federal court." Knox v. State of Wyoming, 959 F.2d 866, 868 (10th Cir. 1992) (dismissing federal prisoner's 2241 petition challenging Wyoming detainer under IADA where petitioner has yet to be sentenced and appeal his IADA claims); see also Kerns v. Turner, 837 F.2d 336 (8th Cir. 1988) (dismissing § 2241 petition filed by federal prisoner awaiting sentencing on Missouri charge who challenged future state imprisonment as violation of IADA).

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition for failure to exhaust state court remedies is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition without prejudice and denies a certificate of appealability.

     /s/ Faith S. Hochberg
**FAITH S. HOCHBERG, U.S.D.J.**

DATED:   February 15, 2007

12